## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (Miami)

| | |
|---|---|
| ELSA MARTINEZ; AND GUSTAVO MARTINEZ, <br><br><br>               PlaintiffS, <br><br>      v. <br><br>MIAMI-DADE COUNTY, FLORIDA, a Florida Chartered County; JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT; JOSE A. HUERTA, individually and in his official capacity as an officer of the Miami-Dade Police Department, and ORLANDO FLEITES, individually and in his official capacity as an officer of the Miami-Dade Police Department; and BLUE MARTINI KENDALL, LLC,  and BLUE MARTINI KENDALL, INC, Florida For Profit Corporations d/b/a BLUE MARTINI <br><br>             Defendants. | Case No. |

## <u>COMPLAINT</u>

Plaintiffs, ELSA MARTINEZ AND GUSTAVO MARTINEZ, by and through their undersigned attorneys, hereby file this Complaint for Damages against the Defendants, MIAMI-DADE COUNTY, FLORIDA (hereinafter "Miami-Dade"), JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT (hereinafter "MDPD" or "JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT"), JOSE A. HUERTA (hereinafter "Huerta"), ORLANDO FLEITES  (hereinafter "Fleites") and BLUE MARTINI KENDALL, LLC., and BLUE MARTINI KENDALL, INC., d/b/a BLUE MARTINI (hereinafter "Blue Martini") and states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

2.      Plaintiffs bring the actions pursuant to 42 U.S.C. §1981 and 42 U.S.C. §1983 against MIAMI-DADE COUNTY, MDPD, HUERTA, and FLEITES.

3.      Plaintiffs further bring state claims of negligence, and battery against Defendants HUERTA, FLEITES, MDPD and BLUE MARTINI, and said claims arise out of a common nucleus of operative facts and the same evidence will establish both the state and federal claims.

4.      Plaintiffs also bring claims of False Arrest against Defendant MIAMI-DADE COUNTY.

5.      Attorneys' fees are sought against Defendants MIAMI-DADE COUNTY, FLORIDA, MDPD JOSE A. HUERTA, ORLANDO FLEITES pursuant to 42 U.S.C. §1988.

6.      The acts and practices constituting the violations of the federal laws alleged have occurred within the jurisdiction of the United States District Court, in and for the Southern District of Florida, Miami Division.

7.      The same acts and practices constituting the violations of the federal laws alleged are based on the same facts and circumstances that support Plaintiffs' claims for negligence and battery against Defendants HUERTA, FLEITES, MDPD and BLUE MARTINI, and thus, are also within the jurisdiction of the United States District Court, in and for the Southern District of Florida, Miami Division.

8.      At all times material hereto Defendant MIAMI-DADE COUNTY was a Florida Chartered County with principal place of business in Miami-Dade County, Florida and was *sui juris* and Defendant MDPD was the Director of the police department for Defendant MIAMI-DADE COUNTY.

9.      At all times material hereto Defendant BLUE MARTINI was a registered For-Profit Corporation operating in Miami-Dade County, Florida.

10.     At all times material hereto Defendant HUERTA was over the age of 18 and was simultaneously an employee and law enforcement officer and agent of the Defendant MIAMI-DADE COUNTY and as a contractor, subcontractor, agent or apparent agent of the Defendant BLUE MARTINI.

11.     At all times material hereto Defendant FLEITES was over the age of 18 and was simultaneously an employee and law enforcement officer and agent of the Defendant MIAMI-DADE COUNTY and as a contractor, subcontractor, agent or apparent agent of the Defendant BLUE MARTINI.

12.     All conditions precedent to the filing of this lawsuit have been fulfilled pursuant to Florida Statues.

## **FACTS**

13.     On October 3, 2010, Plaintiffs were at Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183.

14.      At all times material hereto Defendants HUERTA and FLEITES were working a "security detail" for at Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183.

15.     At all times material hereto as Defendants HUERTA and FLEITES were acting as contractors, subcontractors, agents or apparent agents of Defendant BLUE MARTINI while working a "security detail" for Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183, each was also simultaneously acting as an employee and law enforcement officer and agent of the Defendant MIAMI-DADE COUNTY as each was in full police uniform.

16.     This incident began when Plaintiffs were engaged in a discussion in the area of the mall adjacent to Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183.

17.     At this time Defendant HUERTA and an as of yet unidentified Miami-Dade Police Officer who was also working the "security detail" at Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183, came from the entrance of Defendant BLUE MARTINI'S bar/restaurant/night club and proceeded to confront, and direct profanities toward, Plaintiff GUSTAVO MARTINEZ regarding his discussion with his sister, Plaintiff ELSA MARTINEZ.

18.     As Plaintiff GUSTAVO MARTINEZ backed away from the Defendant Huerta and the as yet unidentified Miami-Dade Police Officer in order to peacefully discuss the situation despite being bombarded with profanities and insults, Defendant FLEITES came from the side of Plaintiff GUSTAVO MARTINEZ and hurled himself into the air so as to knockdown Plaintiff GUSTAVO MARTINEZ.  Prior to the blind-side attack from Defendant FLEITES no commands or orders had been given by any officers instructing Plaintiff GUSTAVO MARTINEZ that he was to be placed under arrest.

19.     Not until Defendant FLEITES' failed attempt to knock Plaintiff GUSTAVO MARTINEZ to the ground with his "shoulder block", did any of the officers discuss or try to initiate an arrest, albeit a groundless one.

20.     Defendants HUERTA, FLEITES and the as of yet unidentified Miami-Dade Police Officer then physically forced Plaintiff GUSTAVO MARTINEZ to the ground face first.

21.     Then despite the fact that three officers were controlling/pinning Plaintiff GUSTAVO MARTINEZ face first on the ground Defendant HUERTA without cause, reason or provocation proceeded to strike Plaintiff GUSTAVO MARTINEZ in the head with several closed-fist strikes.

22.     After the officers had placed Plaintiff GUSTAVO MARTINEZ in handcuffs Defendant HUERTA without cause or provocation attacked Plaintiff ELSA MARTINEZ by grabbing her by the neck/throat with his right hand and slamming her onto a nearby bench.

## COUNT I- FALSE ARREST OF PLAINTIFF
## ELSA MARTINEZ AGAINST DEFENDANT MIAMI-DADE COUNTY

23.     Plaintiffs adopt and re-allege paragraphs 1-22.

24.      At all times material hereto Defendants HUERTA and FLEITES were acting within the scope and authority of their employment with Defendant MIAMI-DADE COUNTY.

25.     On October 3, 2010 Plaintiff ELSA MARTINEZ was arrested and charged with Fla. Statute §784.07-Battery on a Law Enforcement Officer and Fla. Statute §843.02-Resisting Arrest Without Violence.

26.     According to the Arrest Report prepared by and submitted to the Dade County Office of the State's Attorney by Defendant FLEITES Defendant HUERTA claimed that Plaintiff ELSA MARTINEZ "attempted to stop the officers on scene from arresting her brother ***by pulling on Ofc. [Defendant] HUERTA by his shoulder.***" (Emphasis added).

27.     However, despite the description of events purported in the Arrest Report all officers present at the time including Defendants HUERTA and FLEITES knew that Plaintiff ELSA MARTINEZ had not attempted to intervene in the arrest of Plaintiff GUSTAVO MARTINEZ and had never touched or physically come into contact with Defendant HUERTA until he used excessive force with no provocation and grabbed her by the throat/neck and slammed her into a bench.

28.     There was no probable cause for the arrest or detention of Plaintiff ELSA MARTINEZ at any time during the series of events that are the underlying facts for Plaintiff's claims herein.

29.     At all times Defendant MIAMI-DADE COUNTY through its employees Defendants HUERTA and FLEITES knew that the charges made against Plaintiff ELSA MARTINEZ were false and that no probable cause existed for her detention or arrest.

30.     Fortunately for Plaintiff ELSA MARTINEZ, and unbeknownst to Defendants HUERTA and FLEITES,  a video of the entire episode was recorded by a mall surveillance camera which clearly shows that the events at issue did not transpire in the manner as described in the Arrest Report prepared by Defendant FLEITES which included information provided by Defendant HUERTA.

31.     Despite knowing their allegations were false Defendants HUERTA and FLEITES allowed the process of arrest to continue against Plaintiff ELSA MARTINEZ and she was confined and imprisoned until she was released on bail or until the criminal charges were otherwise resolved.

32.     Defendants HUERTA and FLEITES were motivated to pursue the criminal charges against Plaintiff ELSA MARTINEZ not due to the belief that the charges had any legal or factual merit or that probable cause for the detention and arrest of Plaintiff ELSA MARTINEZ existed but instead were motivated by the illegal and improper purpose to protect themselves from criminal and/or civil liability for the unlawful arrest and detention of Plaintiff ELSA MARTINEZ.

33.     Defendant FLEITES   falsified his Arrest Report and Defendant HUERTA supplied a false reporting of events through the same Arrest Report in an attempt to secure a conviction against Plaintiff ELSA MARTINEZ.

34.     As a direct and proximate cause of the false arrest and false imprisonment of Plaintiff ELSA MARTINEZ she has suffered the cost of defending against the criminal charges levied, mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, loss of freedom, invasion civil rights, physical injury, loss of employment and damage to reputation.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, MIAMI-DADE COUNTY plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

## COUNT II- INTENTIONAL BATTERY OF PLAINTIFF ELSA MARTINEZ AGAINST DEFENDANT HUERTA

35.     Plaintiffs adopt and re-allege paragraphs 1-22.

36.     On or about October 3, 2010, Defendant HUERTA did intentionally and with wanton, reckless and willful disregard for the rights and safety of Plaintiff ELSA MARTINEZ, attacked and battered her without provocation.

37.     Defendant HUERTA committed this act with the express intent to intimidate and physically injure Plaintiff ELSA MARTINEZ and did so against her will and without her permission or legal justification.

38.     As a direct and proximate cause of the Battery of Plaintiff ELSA MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, HUERTA plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT III- VICARIOUS LIABILITY OF DEFENDANT MIAMI-DADE COUNTY FOR THE INTENTIONAL BATTERY OF PLAINTIFF ELSA MARTINEZ BY DEFENDANT HUERTA

39.     Plaintiffs adopt and re-allege paragraphs 1-22.

40.     At all times material hereto Defendant HUERTA was acting as an employee of Defendant MIAMI-DADE COUNTY, and as such Defendant MIAMI-DADE COUNTY is vicariously liable for the Battery of Plaintiff ELSA MARTINEZ by Defendant HUERTA.

41.     As a direct and proximate cause of the Battery of Plaintiff ELSA MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, MIAMI-DADE COUNTY plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT IV- 42 U.S.C. §1983 CLAIMS BY PLAINTIFF ELSA MARTINEZ AGAINST DEFENDANT HUERTA

42.     Plaintiffs adopt and re-allege paragraphs 1-22.

43.     This cause of action is brought by Plaintiff ELSA MARTINEZ against Defendant HUERTA for deprivation of constitutional rights within the meaning of 42 U.S.C. §1983.

44.     While Defendant HUERTA was acting under the authority of the State of Florida and under color of law as a police officer in the employ of Defendant MIAMI-DADE COUNTY, he subjected Plaintiff ELSA MARTINEZ to an abuse of the use of excessive force and to the deprivation of rights and privileges secured to her by the United States Constitution including the constitutional right not to be deprived of liberty and to be free from unlawful arrest and unreasonable seizures under the Fourth and Fourteenth Amendments within the meaning of 42 U.S.C. §1983.

45.     With regard to the violations of the constitutional rights of Plaintiff ELSA MARTINEZ as alleged in this count, the actions of Defendant Huerta were excessive in force, done with malicious intent, ill will, spite, and done to injure or oppress Plaintiff ELSA MARTINEZ and were done with reckless or callous indifference her federally protected rights.

46.     As a direct and proximate cause of the unconstitutional acts of Defendant HUERTA ultimately resulting in the false arrest of Plaintiff ELSA MARTINEZ she has suffered mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, loss of freedom, invasion civil rights, physical injury, loss of employment and damage to reputation.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, HUERTA plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT V- 42 U.S.C. §1983 CLAIMS BY PLAINTIFF ELSA MARTINEZ AGAINST DEFENDANT JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT

47.     Plaintiffs adopt and re-allege paragraphs 1-22.

48.     This cause of action is brought by Plaintiff ELSA MARTINEZ against Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT for deprivation of constitutional rights within the meaning of 42 U.S.C. §1983.

49.     While Defendant HUERTA was acting under the authority of the State of Florida and under color of law as a police officer in the employ of Defendant MIAMI-DADE COUNTY, he was under the supervision and direction of Defendant MDPD and he was further subject to the policies and procedures implemented and employed by Defendant MDPD when Defendant HUERTA subjected Plaintiff ELSA MARTINEZ to an abuse of the use of excessive force and to the deprivation of rights and privileges secured to her by the United States Constitution including the constitutional right not to be deprived of liberty and to be free from unlawful arrest and unreasonable seizures under the Fourth and Fourteenth Amendments within the meaning of 42 U.S.C. §1983.

50.     Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT is liable to Plaintiff ELSA MARTINEZ because of his policy and custom of encouraging, tolerating, permitting and ratifying a pattern of improper conduct by his officers of which he knew or should've known would lead his officers to believe such conduct is permissible. .

51.     Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT failed to, and or refused to, adequately investigate complaints of previous incidents of wrongful and excessive force engaged in by his officers and thereby caused his officers to believe such conduct is permissible.

52.     Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT maintained a system of review of complaints of excessive use of force by his officers which has failed to identify the use excessive force by his officers and subject those officers who use excessive force to discipline or close supervision or re-training such that it has become the de facto policy and custom of Defendant MDPD to tolerate the use of excessive force by his officers and thereby caused his officers to believe such conduct is permissible.

53.     With regard to the violations of the constitutional rights of Plaintiff ELSA MARTINEZ as alleged in this count, the actions of Defendant Huerta were excessive in force, done with malicious intent, ill will, spite, and done to injure or oppress Plaintiff ELSA MARTINEZ and were done with reckless or callous indifference her federally protected rights.

54.     As a direct and proximate cause of the acts or omissions of Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT Plaintiff ELSA MARTINEZ she has suffered mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, loss of freedom, invasion civil rights, physical injury, loss of employment and damage to reputation.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, MDPD plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

## COUNT VI- VICARIOUS LIABILITY OF DEFENDANT BLUE MARTINI FOR THE INTENTIONAL BATTERY OF PLAINTIFF ELSA MARTINEZ BY DEFENDANT HUERTA

55.     Plaintiffs adopt and re-allege paragraphs 1-22.

56.     At all times material hereto Defendant HUERTA was acting as a contractor, subcontractor, agent or apparent agent of Defendant BLUE MARTINI while working a "security detail" for Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183 and as such Defendant BLUE MARTINI is vicariously liable for the Battery of Plaintiff ELSA MARTINEZ by Defendant HUERTA.

57.     As a direct and proximate cause of the Battery of Plaintiff ELSA MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, BLUE MARTINI plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

## COUNT VII– NEGLIGENCE CLAIM AGAINST BLUE MARTINI BY PLAINTIFF ELSA MARTINEZ

58.     Plaintiffs adopt and re-allege paragraphs 1-22.

59.     At all times material hereto Defendants HUERTA was acting as a contractor, subcontractor, agent or apparent agent of Defendant BLUE MARTINI while working a "security detail" for Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183.

60.     At all times material hereto Defendant BLUE MARTINI had a duty and/or assumed a duty to provide reasonable and adequate security to protect the safety of its patrons and others including, but not limited to a duty to:

        a.      supervise and control its employees, contractors, subcontractors, agents or apparent agents including security personnel; and

b.      take reasonable and necessary actions to protect it patrons and others from physical attack including from its own employees, contractors, subcontractors, agents or apparent agents including security personnel.

61.      On or about October 3, 2012, Defendant BLUE MARTINI by and through its employees, contractors, subcontractors, agents or apparent agents including security personnel breached its duty by:

a.      failing to adequately supervise its employees, contractors, subcontractors, agents or apparent agents including security personnel so as to allow the physical battery on Plaintiff ELSA MARTINEZ to occur; and

b.      failing to protect Plaintiff ELSA MARTINEZ or otherwise prevent the physical battery on Plaintiff ELSA MARTINEZ.

62.      As a direct and proximate cause of the Negligence of Defendant BLUE MARTINI Plaintiff ELSA MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, BLUE MARTINI plus taxable costs, and such other further relief as the Court may deem just and proper.

JURY TRIAL DEMANDED.

### COUNT VIII- FALSE ARREST OF PLAINTIFF
### GUSTAVO MARTINEZ AGAINST DEFENDANT MIAMI-DADE COUNTY

63.      Plaintiffs adopt and re-allege paragraphs 1-22.

64.      At all times material hereto Defendants HUERTA and FLEITES were acting within the scope and authority of their employment with Defendant MIAMI-DADE COUNTY.

65.     On October 3, 2010 Plaintiff GUSTAVO  MARTINEZ was arrested and charged with Fla. Statute §784.03-Battery (Domestic Violence) and Fla. Statute §843.02-Resisting Arrest Without Violence.

66.     According to the Arrest Report prepared by and submitted to the Dade County Office of the State's Attorney by Defendant FLEITES he claimed that Plaintiff GUSTAVO MARTINEZ "push[ed] his sister against a wall."

67.     Defendant FLEITES then claims in the same Arrest Report that Plaintiff GUSTAVO MARTINEZ was commanded to stop [presumably Defendant Fleites means to stop the alleged pushing of Plaintiff ELSA MARTINEZ] and place his hands behind his back. Defendant FLEITES then claims that Plaintiff GUSTAVO MARTINEZ refused to do so and was "redirected to the ground and handcuffed."

68.     However, despite the description of events purported in the Arrest Report all officers present at the time including Defendants HUERTA and FLEITES knew that Plaintiff GUSTAVO MARTINEZ had not pushed his sister or refused any commands and instead had attempted to discuss the situation with Defendant HUERTA and the as yet unidentified Miami-Dade Police Officer when, without cause or provocation Defendant FLEITES hurled himself at Plaintiff GUSTAVO MARTINEZ and upon failing to knock down Plaintiff GUSTAVO MARTINEZ resorted to drawing his taser.

69.     After the unprovoked battery By Defendant FLEITES committed by hurling his body through the air at Plaintiff GUSTAVO MARTINEZ all three Miami-Dade Police officers, including Defendants HUERTA and FLEITES threw Plaintiff GUSTAVO MARTINEZ to the ground and proceeded to handcuff him and place him under arrest.

70.     Furthermore, once Plaintiff GUSTAVO MARTINEZ had unnecessarily been thrown to the ground and pinned face first the three Miami-Dade police officers including Defendants HUERTA and FLEITES as well as an employee of Defendant BLUE MARTINI continued to pin Plaintiff GUSTAVO MARTINEZ to the ground while Defendant HUERTA without provocation or reason proceeded to physically assault Plaintiff GUSTAVO MARTINEZ by striking him in the head several times with a closed fist.

71.     There was no probable cause for the arrest or detention of Plaintiff GUSTAVO MARTINEZ at any time during the series of events that are the underlying facts for Plaintiff's claims herein.

72.     At all times Defendant MIAMI-DADE COUNTY through its employees Defendants HUERTA and FLEITES knew that the charges made against Plaintiff GUSTAVO MARTINEZ were false and that no probable cause existed for his detention or arrest.

73.     Fortunately for Plaintiff GUSTAVO MARTINEZ, and unbeknownst to Defendants HUERTA and FLEITES,  a video of a majority of the episode was recorded by a mall surveillance camera which shows that the events at issue did not transpire in the manner as described in the Arrest Report prepared by Defendant FLEITES.

74.     Despite knowing their allegations were false Defendants HUERTA and FLEITES allowed the process of arrest to continue against Plaintiff GUSTAVO MARTINEZ and he was confined and imprisoned until he was released on bail or until the criminal charges were otherwise resolved.

75.      Defendants HUERTA and FLEITES were motivated to pursue the criminal charges against Plaintiff GUSTAVO MARTINEZ not due to the belief that the charges had any legal or factual merit or that probable cause for the detention and arrest of Plaintiff ELSA MARTINEZ existed but instead were motivated by the illegal and improper purpose to protect themselves from criminal and/or civil liability for the unlawful arrest and detention of Plaintiff GUSTAVO MARTINEZ.

76.      Defendant FLEITES   falsified his Arrest Report and Defendant HUERTA supplied a false reporting of events through the same Arrest Report in an attempt to secure a conviction against Plaintiff GUSTAVO MARTINEZ.

77.      As a direct and proximate cause of the false arrest and false imprisonment of Plaintiff GUSTAVO MARTINEZ he has suffered the cost of defending against the criminal charges levied, mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, loss of freedom, invasion civil rights, physical injury, and damage to reputation.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant, MIAMI-DADE COUNTY plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT IX- INTENTIONAL BATTERY OF PLAINTIFF GUSTAVO MARTINEZ AGAINST DEFENDANT HUERTA

78.      Plaintiffs adopt and re-allege paragraphs 1-22.

79.      On or about October 3, 2010, Defendant HUERTA did intentionally and with wanton, reckless and willful disregard for the rights and safety of Plaintiff GUSTAVO MARTINEZ, attacked and battered him without provocation.

80.     Defendant HUERTA committed this act with the express intent to intimidate and physically injure Plaintiff GUSTAVO MARTINEZ and did so against his will and without his permission or legal justification.

81.     As a direct and proximate cause of the Battery of Plaintiff GUSTAVO MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant, HUERTA plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT X- INTENTIONAL BATTERY OF PLAINTIFF
### GUSTAVO MARTINEZ AGAINST DEFENDANT FLEITES

82.     Plaintiffs adopt and re-allege paragraphs 1-22.

83.     On or about October 3, 2010, Defendant FLEITES did intentionally and with wanton, reckless and willful disregard for the rights and safety of Plaintiff GUSTAVO MARTINEZ, attacked and battered him without provocation.

84.     Defendant FLEITES committed this act with the express intent to intimidate and physically injure Plaintiff GUSTAVO MARTINEZ and did so against his will and without his permission or legal justification.

85.     As a direct and proximate cause of the Battery of Plaintiff GUSTAVO MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant, FLEITES plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

## COUNT XI- VICARIOUS LIABILITY OF DEFENDANT
## MIAMI-DADE COUNTY FOR THE INTENTIONAL BATTERY
## OF PLAINTIFF GUSTAVO MARTINEZ BY DEFENDANTS HUERTA AND FLEITES

86.     Plaintiffs adopt and re-allege paragraphs 1-22.

87.     At all times material hereto Defendants HUERTA and FLEITES were acting as

employees of Defendant MIAMI-DADE COUNTY, and as such Defendant MIAMI-DADE

COUNTY is vicariously liable for the Battery of Plaintiff GUSTAVO MARTINEZ by

Defendants HUERTA and FLEITES.

88.     As a direct and proximate cause of the Battery of Plaintiff GUSTAVO

MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical

injury.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant,

MIAMI-DADE COUNTY plus taxable costs, and such other further relief as the Court may deem just and

proper. JURY TRIAL DEMANDED.

## COUNT XII- 42 U.S.C. §1983 CLAIMS BY PLAINTIFF
## GUSTAVO MARTINEZ AGAINST DEFENDANT HUERTA AND FLEITES

89.     Plaintiffs adopt and re-allege paragraphs 1-22.

90.     This cause of action is brought by Plaintiff GUSTAVO MARTINEZ against

Defendants HUERTA and FLEITES for deprivation of constitutional rights within the meaning

of 42 U.S.C. §1983.

91.     While Defendants HUERTA and FLEITES were acting under the authority of the State of Florida and under color of law as police officers in the employ of Defendant MIAMI-DADE COUNTY, and subjected Plaintiff GUSTAVO MARTINEZ to an abuse of the use of excessive force and to the deprivation of rights and privileges secured to her by the United States Constitution including the constitutional right not to be deprived of liberty and to be free from unlawful arrest and unreasonable seizures under the Fourth and Fourteenth Amendments within the meaning of 42 U.S.C. §1983.

92.     With regard to the violations of the constitutional rights of Plaintiff GUSTAVO MARTINEZ as alleged in this count, the actions of Defendants HUERTA and FLEITES were excessive in force, done with malicious intent, ill will, spite, and done to injure or oppress Plaintiff GUSTAVO MARTINEZ and were done with reckless or callous indifference his federally protected rights.

93.     As a direct and proximate cause of the unconstitutional acts of Defendant HUERTA ultimately resulting in the false arrest of Plaintiff GUSTAVO MARTINEZ he has suffered mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, loss of freedom, invasion civil rights, physical injury, and damage to reputation.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant, HUERTA plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT XIII- 42 U.S.C. §1983 CLAIMS BY PLAINTIFF GUSTAVO MARTINEZ AGAINST DEFENDANT JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT

94.     Plaintiffs adopt and re-allege paragraphs 1-22.

95.     This cause of action is brought by Plaintiff GUSTAVO MARTINEZ against Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT for deprivation of constitutional rights within the meaning of 42 U.S.C. §1983.

96.     While Defendants HUERTA and FLEITES were acting under the authority of the State of Florida and under color of law as police officers in the employ of Defendant MIAMI-DADE COUNTY, they were under the supervision and direction of Defendant MDPD and they were further subject to the policies and procedures implemented and employed by Defendant MDPD when Defendants HUERTA and FLEITES subjected Plaintiff GUSTAVO MARTINEZ to an abuse of the use of excessive force and to the deprivation of rights and privileges secured to him by the United States Constitution including the constitutional right not to be deprived of liberty and to be free from unlawful arrest and unreasonable seizures under the Fourth and Fourteenth Amendments within the meaning of 42 U.S.C. §1983.

97.     Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT is liable to Plaintiff ELSA MARTINEZ because of his policy and custom of encouraging, tolerating, permitting and ratifying a pattern of improper conduct by his officers of which he knew or should've known would lead his officers to believe such conduct is permissible. .

98.     Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT failed to, and or refused to, adequately investigate complaints of previous incidents of wrongful and excessive force engaged in by his officers and thereby caused his officers to believe such conduct is permissible.

99.     Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT maintained a system of review of complaints of excessive use of force by his officers which has failed to identify the use excessive force by his officers and subject those officers who use excessive force to discipline or close supervision or re-training such that it has become the de facto policy and custom of Defendant MDPD to tolerate the use of excessive force by his officers and thereby caused his officers to believe such conduct is permissible.

100.     With regard to the violations of the constitutional rights of Plaintiff ELSA MARTINEZ as alleged in this count, the actions of Defendant Huerta were excessive in force, done with malicious intent, ill will, spite, and done to injure or oppress Plaintiff ELSA MARTINEZ and were done with reckless or callous indifference her federally protected rights.

101.     As a direct and proximate cause of the acts or omissions of Defendant JAMES LOFTUS as the Director of the MIAMI-DADE POLICE DEPARTMENT Plaintiff ELSA MARTINEZ she has suffered mental anguish, loss of capacity of enjoyment of life, physical injury, personal humiliation, loss of freedom, invasion civil rights, physical injury, loss of employment and damage to reputation.

WHEREFORE, Plaintiff ELSA MARTINEZ demands judgment against Defendant, MDPD plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

### COUNT XIV- VICARIOUS LIABILITY OF DEFENDANT BLUE MARTINI FOR THE INTENTIONAL BATTERY OF PLAINTIFF GUSTAVO MARTINEZ BY DEFENDANTS HUERTA AND FLEITES

102.     Plaintiffs adopt and re-allege paragraphs 1-22.

103.    At all times material hereto Defendant HUERTA and FLEITES were acting as contractors, subcontractors, agents or apparent agents of Defendant BLUE MARTINI while working a "security detail" for Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183 and as such Defendant BLUE MARTINI is vicariously liable for the Battery of Plaintiff GUSTAVO MARTINEZ by Defendants HUERTA and FLEITES.

104.    As a direct and proximate cause of the Battery of Plaintiff GUSTAVO MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant, BLUE MARTINI plus taxable costs, and such other further relief as the Court may deem just and proper.

JURY TRIAL DEMANDED.

### COUNT XV– NEGLIGENCE CLAIM AGAINST
### BLUE MARTINI BY PLAINTIFF GUSTAVO MARTINEZ

105.    Plaintiffs adopt and re-allege paragraphs 1-22.

106.    At all times material hereto Defendants HUERTA and FLEITES were acting as contractors, subcontractors, agents or apparent agents of Defendant BLUE MARTINI while working a "security detail" for Defendant BLUE MARTINI'S bar/restaurant/night club located at 8405 Mills Drive, Miami, Florida 33183.

107.    At all times material hereto Defendant BLUE MARTINI had a duty and/or assumed a duty to provide reasonable and adequate security to protect the safety of its patrons and others including, but not limited to a duty to:

a.      supervise and control its employees, contractors, subcontractors, agents or apparent agents including security personnel; and

b.      take reasonable and necessary actions to protect it patrons and others from physical attack including from its own employees, contractors, subcontractors, agents or apparent agents including security personnel.

108.    On or about October 3, 2012, Defendant BLUE MARTINI by and through its employees, contractors, subcontractors, agents or apparent agents including security personnel breached its duty by:

a.      failing to adequately supervise its employees, contractors, subcontractors, agents or apparent agents including security personnel so as to allow the physical battery on Plaintiff GUSTAVO MARTINEZ to occur; and

b.      failing to protect Plaintiff GUSTAVO MARTINEZ or otherwise prevent the physical battery on Plaintiff GUSTAVO MARTINEZ.

62.     As a direct and proximate cause of the Negligence of Defendant BLUE MARTINI Plaintiff GUSTAVO MARTINEZ has suffered mental anguish, loss of capacity of enjoyment of life, and physical injury.

WHEREFORE, Plaintiff GUSTAVO MARTINEZ demands judgment against Defendant, BLUE MARTINI plus taxable costs, and such other further relief as the Court may deem just and proper. JURY TRIAL DEMANDED.

Plaintiff hereby demands a trial by jury.

R. Timothy Vannatta, Esq., P.A.
P.O. Box 551660
Ft. Lauderdale, FL 33355
(P) 561-951-0333
(F) 954-693-4875


_____/s/ _R. Timothy Vannatta_____
R. Timothy Vannatta, Esq.
Fla. Bar No.: 0055890
tim@tvlaw.net

ATTORNEYS FOR PLAINTIFFS