UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23534-CIV-SEITZ/SIMONTON

ELSA MARTINEZ, et al.,

        Plaintiffs,

vs.

MIAMI-DADE COUNTY, et al.,

        Defendants.
_____/

## ORDER DENYING MIAMI-DADE COUNTY'S MOTION TO DISMISS

THIS MATTER is before the Court on Miami-Dade County's Motion to Dismiss Counts II, III, VIII, and XI of Plaintiffs' Complaint [DE-19], Plaintiffs' response [DE-22], and Miami-Dade County's reply [DE-27]. This action arises from an incident outside of the Blue Martini Defendants' bar/restaurant/night club in Miami, when off-duty police officers working security for Blue Martini, allegedly battered and arrested Plaintiffs. Miami-Dade moves to dismiss Plaintiffs' claims against the County based on sovereign immunity. Because, based on the allegations in the complaint the officers' actions cannot be characterized, as a matter of law, as taken in bad faith, the motion is denied.

### I. Facts Alleged in the Complaint

On October 3, 2010, Plaintiffs were at Blue Martini's bar/restaurant/night club in Miami, Florida. That day, Defendants Huerta and Fleites, who are Miami-Dade County police officers, were working a security detail at Blue Martini. On October 3, 2010, Plaintiffs were engaged in a discussion in the area of the mall adjacent to Blue Martini's bar/restaurant/night club. Defendant Huerta and another Miami-Dade police officer, who was also working the security detail for Blue

Martini, came from the entrance of the bar/restaurant/night club and confronted Plaintiff Gustavo Martinez about his discussion with his sister, Plaintiff Elsa Martinez. As Plaintiff Gustavo Martinez backed away from the officers, Defendant Fleites came from the side of Gustavo Martinez and hurled himself into the air so as to knockdown Gustavo Martinez. No instructions or orders had been given to Gustavo Martinez prior to that. Defendant Fleites did not actually knock Guistavo Martinez to the ground. However, after Fleites' attempt to do so, another officer physically forced Gustavo Martinez to the ground face first. While on the ground, Plaintiff Gustavo Martinez was struck in the head with several closed fist strikes by Defendant Huerta. After the officers placed Gustavo Martinez in handcuffs, Defendant Huerta grabbed Plaintiff Elsa Martinez by the neck and slammed her onto a nearby bench. The officers then arrested both Plaintiffs and charged them with resisting arrest. Elsa Martinez's arrest reports states that Elsa Martinez attempted to stop the arrest of her brother by pulling on Officer Huerta by his shoulder. Gustavo Martinez's arrest report stated that he pushed his sister against a wall and that he ignored officers' commands to stop the pushing and to place his hands behind his back. Plaintiffs allege that this information in the arrest reports is false.

Plaintiffs have filed a fifteen count complaint against Defendants, including four counts against Miami-Dade County: (1) Count I for the false arrest of Elsa Martinez; (2) Count III seeking to hold Miami-Dade County vicariously liable for the intentional battery of Elsa Martinez; (3) Count VIII for the false arrest of Gustavo Martinez; and (4) Count XI seeking to hold Miami-Dade County vicariously liable for the intentional battery of Gustavo Martinez. Although the complaint contains allegations that the officers falsified the arrest reports, Plaintiffs do not allege claims of malicious prosecution.

## II. Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

Miami-Dade County moves to dismiss all counts against it based on sovereign immunity. Florida Statute, section 768.28(9)(a), which waives sovereign immunity under certain circumstances, states, in part:

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Based on the allegations in the complaint, Miami-Dade County contends that it is clear that the Defendant Officers acted in bad faith. Consequently, the claims against the County must be dismissed because sovereign immunity has not been waived for actions taken in bad faith. Plaintiffs respond that bad faith and malicious purpose are matters for the jury to determine.

Generally, the question of whether a county employee was acting with bad faith or malicious purpose is one for a jury to determine; however, based on the facts alleged the question can be decided as a matter of law. *Prieto v. Malgor*, 361 F.3d 1313, 1320 (11th Cir. 2004). Contrary to Miami-Dade County's arguments, the facts alleged in the instant matter are not such that they can only be characterized as committed in bad faith or with malicious purpose.

Miami-Dade County's reliance on *Blue v. Miami-Dade County*, 2011 WL 2447699 (S.D. Fla. 2011), is misplaced. In *Blue*, a county employee kicked a five-year old in the mouth after she returned from using the restroom without permission. The *Blue* Court dismissed the claim against the county brought pursuant to Florida Statute, section 768.28 because the county employee's actions were so egregious that they could only have been committed in bad faith or with malicious purpose. *Id.* at *2. In this case, Plaintiffs allege they were engaged in a

discussion when the officers approached them. There are no facts before the Court as to whether the discussion was peaceful or heated or somewhere in-between. Such facts would be relevant to determining whether the officers' actions were clearly taken in bad faith or with malicious purpose. Without more, the Court cannot find as a matter of law that the officers' actions were taken in bad faith or with malicious purpose. Thus, at this stage of the proceedings, Plaintiffs have adequately pled their claims against Miami-Dade County.

Miami-Dade County also alleges that Plaintiffs cannot sue both the officers in their individual capacities and the County; Plaintiffs must sue one or the other. However, Federal Rules of Civil Procedure 8(a)(3) permits pleading in the alternative. Consequently, at this stage, Plaintiffs may allege causes of action against the officers as well as Miami-Dade County.

Accordingly, it is

ORDERED that Miami-Dade County's Motion to Dismiss Counts II, III, VIII, and XI of Plaintiffs' Complaint [DE-19] is DENIED. Miami-Dade County shall file its Answer by **May 17, 2013.**

DONE and ORDERED in Miami, Florida, this 3rd day of May, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record