UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-23534-CIV-SEITZ/SIMONTON

ELSA MARTINEZ, et al.,

        Plaintiffs,

vs.

MIAMI-DADE COUNTY, et al.,

        Defendants.
_____/

## ORDER DENYING BLUE MARTINI KENDALL, LLC AND BLUE MARTINI KENDALL, INC.'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Blue Martini Kendall, LLC and Blue Martini Kendall, Inc.'s Motion to Dismiss Plaintiffs' Complaint [DE-20] and Plaintiffs' response [DE-26]. Defendants Blue Martini Kendall, LLC and Blue Martini Kendall, Inc.(jointly, Blue Martini) have not filed a reply. This action arises from an incident outside of Blue Martini's bar/restaurant/night club in Miami, when off-duty police officers working security for Blue Martini, allegedly battered Plaintiffs. Blue Martini moves to dismiss Plaintiffs complaint because Plaintiffs have not stated a cause of action against Blue Martini. Because Plaintiffs have adequately pled their claims against Blue Martini, the Motion is denied.

I.    **Facts Alleged in the Complaint**

On October 3, 2010, Plaintiffs were at Blue Martini's bar/restaurant/night club in Miami, Florida. That day, Defendants Huerta and Fleites, who are Miami-Dade County police officers, were working a security detail at Blue Martini. As part of the security detail, Defendants Huerta and Fleites were acting as contractors, subcontractors, agents or apparent agents of Blue Martini. The parties have submitted the Off-Regular-Duty Police Service Permit Application

(Application) submitted by Blue Martini to the Miami-Dade Police Department in order to hire off-duty police officers to work the security detail. The Application states:

> [A] police officer performing off-regular-duty service who takes police action falling within the purview, or on the permit holder's premises, shall remain in an off-regular-duty service status for the duration of time it takes to complete the processing of such action . . . However, an officer taking police action outside the purview of the permit, or off the permit holder's premises, will revert to an on-duty basis.

DE-26-1. The Application states that the location of the police services is "Breeze Way Area." The Application also states that the "applicant is restricted to the general assignment of duties to be performed and has no authority over the police personnel."

On October 3, 2010, Plaintiffs were engaged in a discussion in the area of the mall adjacent to Blue Martini's bar/restaurant/night club. Defendant Huerta and another Miami-Dade police officer, who was also working the security detail for Blue Martini, came from the entrance of the bar/restaurant/night club and confronted Plaintiff Gustavo Martinez about his discussion with his sister, Plaintiff Elsa Martinez. As Plaintiff Gustavo Martinez backed away from the officers, Defendant Fleites came from the side of Gustavo Martinez and hurled himself into the air so as to knockdown Gustavo Martinez. No instructions or orders had been given to Gustavo Martinez prior to that. Defendant Fleites did not actually knock Guistavo Martinez to the ground. However, after Fleites' attempt to do so, another officer physically forced Gustavo Martinez to the ground face first. While on the ground, Plaintiff Gustavo Martinez was struck in the head with several closed fist strikes by Defendant Huerta. After the officers placed Gustavo Martinez in handcuffs, Defendant Huerta grabbed Plaintiff Elsa Martinez by the neck and slammed her onto a nearby bench. The officers then arrested both Plaintiffs and charged them with resisting arrest.

Plaintiffs have filed a fifteen count complaint against Defendants, including four counts against Blue Martini: (1) Count VI seeking to hold Blue Martini vicariously liable for the

intentional battery of Elsa Martinez by Defendant Huerta; (2) Count VII for negligence against Blue Martini by Elsa Martinez; (3) Count XIV seeking to hold Blue Martini vicariously liable for the intentional battery of Gustavo Martinez by Defendants Huerta and Fleites; and (4) Count XV for negligence against Blue Martini by Gustavo Martinez.

## II.   Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a

motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

Blue Martini moves to dismiss the claims against it because the actions taken by the police officer Defendants are specifically exempt under the Application, Plaintiffs have failed to plead a duty of care owed to them by Blue Martini, and Plaintiffs have not sufficiently pled that their injuries were proximately caused by Blue Martini's negligence. Given that the complaint must be viewed in the light most favorable to Plaintiffs, Plaintiffs have adequately pled their claims against Blue Martini. Consequently, the Motion to Dismiss is denied.

Blue Martini first argues that it cannot be held vicariously liable for the police officers' actions because they were acting outside the scope of their employment because the actions at issue occurred off of Blue Martini's premises. The Application states that "an officer taking police action outside the purview of the permit, or off the permit holder's premises, will revert to an on-duty basis." The complaint alleges that the incident occurred outside of Blue Martini in "the area of the mall adjacent to" Blue Martini. Thus, Blue Martini argues that the officers were not acting on behalf of Blue Martini but as on-duty officers. Consequently, Blue Martini is not vicariously liable for the officers' actions. However, as Plaintiffs point out, the Application states that the location of the police services will be the "breeze way area," which is the area of the mall adjacent to Blue Martini, not the interior of the bar/restaurant/night club. Thus, based on the allegations in the complaint and the Application, the officers did not act outside the purview of the permit. For purposes of a motion to dismiss, Plaintiffs have sufficiently alleged that the actions occurred within the purview of the permit and, thus, within the scope of the officers' employment by Blue Martini.

Blue Martini next argues that it did not owe Plaintiffs a duty of care for actions that occurred off of its premises. However, given that the complaint alleges that the incident occurred in the area adjacent to the entrance and that the Application was for police services in the breeze way area, it appears that the breeze way outside of the entrance to the bar/restaurant/night club was part of Blue Martini's premises. Thus, for purposes of a motion to dismiss, Plaintiffs have adequately pled that the incident occurred on Blue Martini's premises.

Finally, Blue Martini argues that Plaintiffs have not adequately alleged that their injuries were caused by Blue Martini's negligence. Like its other arguments, Blue Martini premises this argument on the fact that the incident occurred off Blue Martini's premises and that, as a result, the officers' status had reverted to on-duty. However, as set out above, based on the complaint and the Application, Plaintiffs have adequately pled that the incident occurred on premises. Thus, under the Application, the officers remained off-duty and agents or employees of Blue Martini. Therefore, Plaintiffs have adequately pled proximate cause. Accordingly, it is

ORDERED that Defendants Blue Martini Kendal, LLC and Blue Martini Kendall, Inc.'s Motion to Dismiss Plaintiffs' Complaint [DE-20] is DENIED. Defendants Blue Martini Kendal, LLC and Blue Martini Kendall, Inc. shall file an Answer by **May 17, 2013.**

DONE and ORDERED in Miami, Florida, this 3rd day of May, 2013.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record